# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PAMELA J. HOKAMP,

                Plaintiff,

v.

CHIEF MATTHEW MILLER,
DEPUTY TERI WEGNER, DEPUTY
TOM KLEMKE, DEPUTY DANIEL
HEINRICH, DEPUTY ERIC HEINE,
DEPUTY SCOTT YAMBOR, DEPUTY
MATT KANTERS, NURSE AMANDA
LENZ, and NURSE SARAH LUEBKE,

                Defendants.

Case No. 21-CV-1125-JPS

**ORDER**

**1.    BACKGROUND**

On September 28, 2021, Plaintiff filed this lawsuit, alleging violations of her constitutional rights stemming from a series of incidents that occurred in 2019. ECF No. 1; ECF No. 36. Plaintiff seeks damages for, among others, physical injuries (a broken right toe and left shoulder, the latter exacerbated due to recent shoulder surgery) and "emotional [and] psychological injuries including but not limited to relapse of post-traumatic stress disorder, anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment, [and] emotional distress, past and future." ECF No. 1 at 8. In her response to Defendants' interrogatories, Plaintiff listed the names of over 15 treatment providers as to her physical, emotional, and psychological injuries. ECF No. 49-6 at 3–4. In the same responses, Plaintiff detailed her employment history and explained efforts to begin employment in 2019 (which efforts were hampered due to the

events subject to this lawsuit), and additionally listed damages for lost wages and earning capacity. *Id.* at 5.

On June 27, 2022, Defendants sent Plaintiff a letter with blank medical authorizations attached, requesting her signed authorization for the disclosure of medical records for any medical providers who treated her during the previous 10 years. ECF No. 48 at 2 (citing ECF No. 49-1). On June 30, 2022, Plaintiff called defense counsel and stated that "she had already requested the relevant medical records and did not feel as though counsel . . . needed all of her medical records." *Id.* at 2–3. Plaintiff further stated that certain information in the records did not pertain to the events at issue in this suit and that defense counsel did not need that information. *Id.* at 3. On July 12, 2022, Plaintiff informed defense counsel that she would send them "all medical records pertaining to this case," which led defense counsel to believe that Plaintiff would not sign authorizations, but rather would "pick and choose which specific medical records she planned on disclosing." *Id.* (citing ECF No. 49-2).

On July 28, 2022, Defendants sent a follow-up letter to Plaintiff regarding her medical authorizations and requesting that she sign the same. *Id.* (citing ECF No. 49-3). On August 1, 2022, Plaintiff called defense counsel and reiterated her refusal to sign the medical authorizations, explaining that she believed the authorizations were a violation of HIPAA. *Id.* Defense counsel informed Plaintiff that if she did not produce the medical authorizations, defense counsel would pursue the records through the Court. *Id.*

Plaintiff sent some medical records to Defendants (and filed some with the Court), but the records were incomplete and missing page numbers. ECF No. 48 at 4; ECF No. 46. On September 2, 2022, Defendants

deposed Plaintiff, during which she affirmed that she would not sign medical authorizations. ECF No. 48 at 4 (citing ECF No. 49-4).

On September 9, 2022, Defendants sent Plaintiff a Social Security Administration ("SSA") Consent for Release of Information and blank authorization forms for employment records. *Id.* at 5 (citing ECF No. 49-7). On September 13, 2022, Plaintiff informed defense counsel that she would not sign any authorizations for previous employment records or SSA authorizations, explaining that such information was irrelevant to her case. *Id.* (citing ECF No. 49-8). She reiterated the same to defense counsel on September 14, 2022 and September 20, 2022. *Id.* at 5–6.

In the interim, Plaintiff has filed two letters with the Court stating that she objected to Defendants' requests for medical records and SSA records as to her disability benefits, explaining that she found such information irrelevant to her case. ECF Nos. 28, 30.

In accordance with the Court's trial scheduling order, ECF No. 25, on October 11, 2022, Defendants filed motions for summary judgment, ECF Nos. 32, 38, and Plaintiff filed her own motion for summary judgment on October 12, 2022, ECF No. 41. On October 28, 2022, Defendants Eric Heine, Daniel Heinrich, Matt Kanters, Tom Klemke, Amanda Lenz, Sarah Luebke, Teri Wegner, and Scott Yambor filed a motion to compel Plaintiff's signatures on the medical and SSA authorizations, or to strike her claims for damages for refusal to sign. ECF No. 47. This order addresses the motion to compel, which is fully briefed as of December 9, 2022. ECF No. 59.

2. **ANALYSIS**

"Although a plaintiff may have a constitutional interest in protecting the confidentiality of [her] medical records, such an interest is waived when [s]he files suit against defendants alleging claims that place

[her] medical condition at issue." *Brown v. Picknell*, No. 18-CV-1653, 2019 WL 4118788, at *2 (E.D. Wis. Aug. 29, 2019). The same is true as to emotional and/or psychological treatment records, as well as SSA records. *See Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006) ("If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state."); *Johnston v. Jess*, No. 18-CV-882-BBC, 2020 WL 3605629, at *3 (W.D. Wis. July 2, 2020) ("[I]f plaintiff is claiming damages for lost wages during any period of time for which she was awarded and received disability benefits, her Social Security records are relevant and discoverable.").

In her response to the motion to compel, Plaintiff states that she attaches her "social security benefits verification letter" and that a SSA representative informed her that "they are not permitted to release any medical records or other information." ECF No. 52 at 1. She also lists a settlement offer, which she explains represents costs to maintain the health of her current and future service dogs, continuation of psychotherapy and "psych med management," as well as "any future unexpected incidentals." *Id.* Plaintiff reiterates that the information she has provided is "sufficient in calculating [her] claim of pain, suffering, mental anguish, and exacerbation of [her] post-traumatic stress disorder." The SSA verification letter that Plaintiff attaches summarizes her benefits from October 2011 through January 2013, well before the incidents subject to this lawsuit took place. ECF No. 52 at 2. Other than the prior letters that she has submitted to the Court regarding the medical authorizations, Plaintiff does not supply any additional basis for her refusal to sign the authorizations.

While Plaintiff is correct that the SSA is not generally permitted to release records, it may do so upon completion of a signed "Consent for

Page 4 of 7

Release of Information" (Form OMB No. 0960-0566) ("Complete this form only if you want us to give information or records about you . . . to an individual or group.").[1] Simply put, Plaintiff has placed her physical, emotional, and psychological health at issue in this lawsuit, as well as her lost wages, which she reiterates as forming the basis of her most recent settlement demand. As a result, her medical and SSA records are "directly relevant" to her claims, and she must sign the authorizations in order for Defendants to adequately defend themselves. *Ramirez v. Kranski*, No. 15-CV-365-WMC, 2021 WL 1895052, at *1 (W.D. Wis. May 11, 2021).

The Court will limit the authorizations as follows: (1) physical medical authorizations to cover the date of Plaintiff's shoulder surgery through the present; (2) emotional and psychological medical authorizations to cover the previous 10 years through the present, as Plaintiff raises "relapse" of emotional and psychological issues in connection with this lawsuit; and (3) the SSA authorizations to cover January 1, 2019 through the present. *See, e.g., Sallis v. Hiedemann*, No. 18-CV-1179, 2019 WL 2234048, at *1 (E.D. Wis. May 23, 2019) ("The timeframe—January 1, 2011 to the present—is appropriate given that Sallis alleges a history of mental illness and states that he intends to pursue damages for suffering he continues to endure . . . . Sallis has until June 13, 2019, to sign and return the medical authorization to the defendants. If he fails to do so, he may be subject to sanctions, including having this lawsuit dismissed with prejudice.").

---

[1]Consent for Release of Information Form OMB No. 0960-0566, *available at* https://www.ssa.gov (last visited Dec. 12, 2022).

But make no mistake, Plaintiff must sign the authorizations, or the Court will dismiss this case without prejudice. *See, e.g.*, *Mason v. Clover*, No. 19-CV-1103, 2022 WL 60669, at *1 (E.D. Wis. Jan. 6, 2022) ("Mason put his health at issue when he alleged that the injury he sustained by the defendants' action were ill health effects. Without access to his medical records, the defendants cannot defend themselves . . . . If Mason fails to sign the medical authorization form and return it to defendants by January 26, 2021, the court will dismiss this case."); *Caldwell v. Malave*, No. 2:19-CV-116-JTM-JEM, 2021 WL 5195723, at *2 (N.D. Ind. Nov. 9, 2021) ("Plaintiff has made claims that directly involve [her] medical treatment and cannot now refuse to disclose the relevant medical records to Defendants. If she chooses not to comply, the case will likely be subject to dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).") (collecting cases); *Swertfeger v. Nicksic*, No. 19-CV-751-JDP, 2021 WL 808688, at *3 (W.D. Wis. Mar. 3, 2021) ("Swertfeger has refused to sign authorizations, saying that Nicksic seeks information outside the scope of this lawsuit . . . . [I]t would be unfair to Nicksic to defend against Swertfeger's claims without [medical] information. Swertfeger's ultimate choice is either to share the relevant information with Nicksic or have the case dismissed."); *accord Jacobs v. Frank*, 349 F. App'x 106, 107 (7th Cir. 2009) (affirming dismissal of case following pattern of plaintiff's failure to comply with discovery requests as to medical record authorizations and the district court's warning regarding the same).

3. **CONCLUSION**

The Court grants Defendants Eric Heine, Daniel Heinrich, Matt Kanters, Tom Klemke, Amanda Lenz, Sarah Luebke, Teri Wegner, and Scott Yambor's motion to compel. ECF No. 47. Plaintiff has until **December 19,**

Page 6 of 7

Case 2:21-cv-01125-JPS   Filed 12/12/22   Page 6 of 7   Document 60

**2022** to sign the medical and SSA authorizations in accordance with the terms of this Order. Defendants shall file a status report **by 12:00 p.m. on December 20, 2022** explaining whether Plaintiff has complied. If she has not, the case will be dismissed without further notice and without prejudice.

Accordingly,

**IT IS ORDERED** that Defendants Eric Heine, Daniel Heinrich, Matt Kanters, Tom Klemke, Amanda Lenz, Sarah Luebke, Teri Wegner, and Scott Yambor's motion to compel, ECF No. 47, be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that Plaintiff Pamela J. Hokamp has until **December 19, 2022** to provide Defendants with the signed medical and Social Security Administration authorizations described in this Order and that failure to do so will result in dismissal of her case without further notice and without prejudice; Defendants shall file a status report by **12:00 p.m. on December 20, 2022** regarding Plaintiff's compliance.

Dated at Milwaukee, Wisconsin, this 12th day of December, 2022.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge